13-405-cr
*United States v. Tapia-Ortiz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand fourteen.

PRESENT:    ROBERT D. SACK,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*

            v.                                          13-405-cr

JUAN ANTONIO TAPIA-ORTIZ,
                    *Defendant-Appellant,*

ERNESTO VELEZ-MORALES,
                    *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                               Susan Corkery, Emily Berger, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:     Katherine Alfieri, Law Office of Katherine Alfieri, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant-appellant Juan Antonio Tapia-Ortiz appeals from the memorandum and order of the district court entered November 28, 2012 denying his motion to correct the record pursuant to Fed. R. Crim. P. 36.  Tapia-Ortiz filed his notice of appeal and a motion for leave to appeal *in forma pauperis* on January 23, 2013.[1]  By memorandum and order entered February 6, 2013, the district court denied his request for leave to appeal *in forma pauperis* on the ground that the notice of appeal was not timely filed.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

This case arises from Tapia-Ortiz's conviction in 1992, following a jury trial, of conspiracy to distribute heroin and cocaine, and possession of cocaine with

---

[1]     Tapia-Ortiz's notice of appeal was docketed January 28, 2013, but he represents that he delivered it to prison authorities on January 23, 2013.  Under the prison mailbox rule, a *pro se* prisoner's notice of appeal is filed when he delivers it to prison authorities for forwarding to the district court; hence, we consider his appeal filed as of January 23, 2013.  *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

intent to distribute, in violation of 21 U.S.C. §§ 841, 846. The conviction was affirmed on appeal, but the case was remanded for resentencing based on an error in the calculation of the offense level. *United States v. Tapia-Ortiz*, 23 F.3d 738, 743 (2d Cir. 1994). On October 13, 1995, the district court resentenced Tapia-Ortiz principally to 365 months' imprisonment. On April 24, 1997, Tapia-Ortiz filed a § 2255 motion to vacate his sentence, which the district court denied both initially and on motion for reconsideration.[2] Tapia-Ortiz appealed, and we denied his *pro se* application for a certification of appealability and dismissed his appeal.

The proceedings that are the subject of the instant appeal commenced on December 15, 2010, when Tapia-Ortiz filed his Rule 36 motion, arguing that the sentencing court improperly applied an amendment to the Sentencing Guidelines. The district court denied the motion, holding that Tapia-Ortiz failed to allege a "clerical error" as contemplated by Rule 36.[3] The district court also held that if Tapia-Ortiz had intended to proceed under Rule 35 of the Federal Rules of Criminal Procedure or 28 U.S.C. § 2255, the motions would have been time-barred. On February 6, 2013, the district court clarified that it had not converted Tapia-Ortiz's motion into a § 2255 motion, and denied the request for leave to appeal *in forma pauperis* on the ground that

---

[2] The district court below did not discuss the first § 2255 motion to vacate Tapia-Ortiz's sentence.

[3] Rule 36 gives a court authority "at any time [to] correct a clerical error." Fed. R. Crim. P. 36. As the district court noted, Tapia-Ortiz did not identify any clerical error that could be rectified. Rather, he asserted a substantive claim -- that the sentencing court applied the wrong version of the Guidelines in violation of the Ex Post Facto Clause.

the notice of appeal was untimely.  On appeal now, Tapia-Ortiz argues that the district court erroneously converted his Rule 36 motion into a § 2255 motion and that his appeal is timely.

We address the timeliness issue at the outset because timely filing of a notice of appeal is "mandatory and jurisdictional." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415 (2d Cir. 2004).  The timeliness of Tapia-Ortiz's notice of appeal turns on whether this appeal is considered to be in a civil or criminal case under Fed. R. App. P. 4.  In a civil case in which the United States is a party, a notice of appeal must be filed "within sixty days after entry of the judgment or order appealed from," Fed. R. App. P. 4(a)(1)(B), while in a criminal case, a notice of appeal generally must be filed within fourteen days after entry of the judgment or the order being appealed from, *id.* 4(b)(1)(A).  A district court, for excusable neglect or good cause, may extend the time to file a notice of appeal for a period not to exceed thirty days after the original deadline. *Id.* 4(a)(5), (b)(4).  Here, because a Rule 36 motion is criminal while a § 2255 motion is civil, *see Williams v. United States*, 984 F.2d 28, 30 (2d Cir. 1993) ("Section 2255 Rule 11 specifies that the time for appeal is governed by the provisions of Fed. R. App. P. 4(a), applicable to civil appeals . . . ."), the timeliness of Tapia-Ortiz's appeal turns on whether the district court converted his Rule 36 motion into a § 2255 motion.  We conclude that the district court did not convert and that this is a criminal appeal, and thus Tapia-Ortiz's appeal is untimely.

Although the district court initially used some ambiguous language,[4] it later clarified that it did not convert the Rule 36 motion into a § 2255 motion. Indeed, when Tapia-Ortiz moved for leave to appeal *in forma pauperis*, the district court specifically noted that it "did not convert Defendant's motion into a petition for relief pursuant to 28 U.S.C. § 2255." District Court Memorandum and Order, February 6, 2013 at 2.

Because the district court did not convert the criminal Rule 36 motion into a civil § 2255 motion, Tapia-Ortiz's appeal is governed by the time limitations for criminal matters. Even assuming the district court could have granted an extension for excusable neglect or good cause, the deadline to appeal the district court's November 28, 2012 ruling would have been January 11, 2013. As Tapia-Ortiz did not "file" his appeal until January 23, 2013, his notice of appeal was untimely.

We are concerned by the possibility that Tapia-Ortiz was lulled into believing that the district court was converting his criminal Rule 36 motion into a civil § 2255 motion, as the district court did not clarify that it was not converting the motion into a § 2255 motion until after the time for filing a criminal appeal had passed. Even assuming, however, that the district court did attempt to convert Tapia-Ortiz's Rule 36 motion to a § 2255 motion, it had no authority to do so because this would have been a

---

[4] "*If* the Court interprets Defendant's motion as one made to correct his sentence pursuant to 28 U.S.C. § 2255, it is also time-barred." District Court Memorandum and Order, November 28, 2012 at 6 (emphasis added).

second or successive § 2255 motion, and Tapia-Ortiz had not obtained authorization from this Court to file a second or successive such motion. *See* 28 U.S.C. § 2244(b)(3)(A). Tapia-Ortiz is free, of course, to file a motion with this Court for an order authorizing the district court to consider his second or successive § 2255 motion.

We have reviewed Tapia-Ortiz's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk