**Ronald PIRTLE, Petitioner,**

v.

**Louis WINN, Warden, Respondent.**

**No. 14–CV–6747 MKB.**

United States District Court, E.D. New York.

Signed Dec. 18, 2014.

Ronald Pirtle, Tucson, AZ, pro se.

### MEMORANDUM & ORDER

MARGO K. BRODIE, District Judge:

Petitioner Ronald Pirtle, proceeding *pro se* and currently incarcerated at a federal facility, brings the above-captioned petition for habeas corpus pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in custody pursuant to the judgment of a state court in violation of his federal constitutional rights. Petitioner's claim arises from a guilty plea entered on November 25, 1996, in the Criminal Court of Queens County, to one count of criminal sale of a controlled substance and two counts of bribery in the third degree. Petitioner was sentenced to three to nine years for criminal sale of a controlled substance, and one to three years for bribery. Petitioner did not appeal his conviction or sentence. On December 22, 2004, Petitioner was convicted in federal court for conspiracy to distribute and to possess with intent to distribute a controlled substance. Because of his November 25, 1996 state drug conviction, Petitioner's federal sentence was enhanced and he was sentenced to a term of life imprisonment. In March 2013, Petitioner moved pursuant to New York Criminal Procedure Law Section 440.10 to vacate his underlying state conviction, claiming he received ineffective assistance of counsel in connection with the November 25, 1996 guilty plea. The New York State Supreme Court denied Petitioner's motion on July 25, 2013. (Pet'r Mem. 20.)[1] Petitioner appealed to the New York Supreme Court Appellate Division, Second Department, which dis-

---

1. The petition consists of a form petition followed by a memorandum of law and annexed exhibits. For ease of reference, the Court refers to the electronic case filing (ECF) page numbers for the entire petition. Citations to

missed his appeal on or about January 9, 2014. (*Id.*) In the instant petition, Petitioner challenges his 1996 state conviction entered pursuant to his guilty plea. (Pet. ¶¶ 1–2, 6.) Petitioner again argues that he was denied effective assistance of counsel in connection with his state guilty plea, in violation of his constitutional rights. For the reasons set forth below, the petition is denied.

## I. Background

On or about August 7, 1996, Petitioner offered to pay a New York City police officer three hundred dollars in exchange for the work schedule of another police officer, and an additional five hundred dollars for police protection as well as advance notice of raids or search warrants. (Pet'r Mem. 22.) On September 12, 1996, Petitioner offered the same police officer a quantity of drugs in lieu of cash payment for the same work schedule. (*Id.*; Statement of Police Officer Booth, annexed to Pet'r Mem., 40–41). On October 9, 1996, Petitioner was arrested and charged with one count of criminal sale of a controlled substance in the third degree, N.Y. Penal Law § 220.39(1), and two counts of bribery in the third degree, N.Y. Penal Law § 200.00. (Pet'r Mem. 21.) Petitioner pleaded guilty and on November 25, 1996, he was sentenced to three to nine years' imprisonment for the criminal sale of a controlled substance, and one to three years' for bribery. (*Id.*; Pet. ¶¶ 2–3.) Petitioner did not appeal his sentence or his conviction, and on October 7, 2005, Petitioner "reached the maximum expiration date" of his sentence. (Pet'r Mem. 21.)

On July 16, 2003, Petitioner was indicted by a federal grand jury for conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, 21 U.S.C. §§ 841(b)(1)(A) and 846. (Pet'r Mem. 23.) The government sought an enhanced sentence based in part on Petitioner's 1996 state drug conviction. (*Id.*); *see also United States v. Pirtle*, 173 Fed.Appx. 224, 227 (4th Cir.2006) (denying Petitioner's appeal of his life sentence). Following a jury verdict of guilty, on December 22, 2004, Petitioner was sentenced in the United States District Court for the District of Maryland to a term of life imprisonment. (Pet'r Mem. 22, 26); *see also United States v. Pirtle*, No. 03–CR–0335 (Docket Entry No. 114) (entry of judgment as to Ronald Pirtle dated Jan. 21, 2005). Petitioner appealed his sentence, which was affirmed. *Pirtle*, 173 Fed.Appx. at 227. Petitioner then sought collateral relief as to his federal sentence, which was denied. (Pet'r Mem. 24–25.) *See Pirtle v. United States*, 07–CV–2634 (D.Md. Sept. 4, 2008) (dismissing petition pursuant to 28 U.S.C. § 2255); *United States v. Pirtle*, 326 Fed. Appx. 236 (4th Cir.2009) (affirming dismissal of Section 2255 petition).

In March 2013, Petitioner filed a motion to vacate his underlying state conviction, pursuant to New York Criminal Procedure Law Section 440, contesting the conviction on the grounds of ineffective assistance of counsel. That petition was denied on July 25, 2013. (Pet. ¶ 11; Pet'r Mem. 19–20.) Petitioner appealed to the New York Supreme Court Appellate Division, Second Department, which dismissed his appeal on or about January 9, 2014. (Pet'r Mem. 20.)

## II. Discussion

### a. Custody requirement

■■■ Under Title 28, United States Code, Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in

paragraphs, when included, are to the paragraphs as numbered on the form petition.

custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir.2006) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401–02, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001); *Ogunwomoju v. United States*, 512 F.3d 69, 74 (2d Cir.2008) ("'[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.'" (quoting *Maleng*, 490 U.S. at 492, 109 S.Ct. 1923)).

▋ Here, Petitioner challenges his 1996 guilty plea on all counts, for which he was sentenced to concurrent terms of three to nine years' and one to three years' imprisonment. Petitioner's sentence had a maximum term of imprisonment of nine years, which expired on October 7, 2005. (Pet'r Mem. 21.) Petitioner argues that he is entitled to relief pursuant to Section 2254 because he is currently serving a federal sentence that was enhanced by the 1996 state conviction he challenges in his petition. (Pet'r Mem. 21–22.) The Supreme Court has rejected such claims, holding that a petitioner is not "in custody" for a conviction "merely because that conviction had been used to enhance a subsequent sentence." *Lackawanna*, 532 U.S. at 401, 121 S.Ct. 1567. As Petitioner

is currently in custody as a result of his 2004 federal conviction, and because the maximum term of imprisonment for his 1996 state conviction has expired, he is not considered "in custody" for purposes of challenging his 1996 state conviction. *See Ogunwomoju*, 512 F.3d at 74; *see, e.g., Perez v. Haynes*, No. 10–CV–0713, 2012 WL 4738997, at *2 (E.D.N.Y. Oct. 3, 2012) (habeas petitioner whose federal sentence was enhanced because of earlier state conviction not in custody for purposes of challenging state conviction when maximum term of state sentence had expired); *Thrower v. New York*, No. 08–CV–4901, 2008 WL 5333469, at *1 (E.D.N.Y. Dec. 19, 2008) (same).

#### b. Challenge to federal sentence

As recognized by the Supreme Court, the "in custody" requirement may be satisfied as to a later conviction if a *pro se* petition, liberally construed, can be read as asserting a challenge to Petitioner's current sentence, as enhanced by the allegedly invalid prior conviction. *See Lackawanna*, 532 U.S. at 401–02, 121 S.Ct. 1567 (citing *Maleng*, 490 U.S. at 493, 109 S.Ct. 1923). From the face of the petition, Petitioner does not challenge his federal sentence. (Pet. ¶ 1–5.) However, even if the petition can be read to attack Petitioner's current federal sentence, Petitioner has already moved to attack the federal sentence pursuant to Section 2255, and has failed. *United States v. Pirtle*, 326 Fed. Appx. 236 (4th Cir.2009) (denying Petitioner's motion for a certificate of appealability and dismissing appeal from district court's order denying relief on Petitioner's application for relief pursuant to 28 U.S.C. § 2255). There is no indication that Petitioner has sought leave to file a second or successive Section 2255 application, which is required before this Court can entertain such motion. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or suc-

cessive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Tapia–Ortiz,* 593 Fed. Appx. 68, 70–71, 2014 WL 6997929, at *2 (2d Cir. Dec. 12, 2014) (summary order) (noting that district court would not have had authority to review a Section 2255 motion because respondent had not sought leave to file a second or successive motion). Therefore, this court may not entertain this petition as a challenge to Petitioner's current sentence.

### c. Timeliness

■ Finally, even if Petitioner was in custody pursuant to his 1996 state conviction, the petition is dismissed as time-barred under the one-year statute of limitations established in 28 U.S.C. § 2244(d)(1)(A). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides in relevant part that:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and

made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); *see Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (interpreting § 2244 to apply "to the general run of habeas cases ... when those cases had been filed after the date of the Act."). Petitioner did not file a state petition for collateral relief until March 2013. (Pet. ¶ 11, Pet'r Mem. 19.) By the time Petitioner filed his state petition exhausting this claim, in March 2013, the statute of limitations had expired. Petitioner's convictions were finalized on November 25, 1996, and his time to seek direct review expired thirty days thereafter. *See* N.Y.Crim. Proc. Law § 460.10(1)(a). Though the time during which Petitioner's application for State post-conviction review was pending should not be counted toward the limitations period, more than one year passed between the expiration of Petitioner's time to seek review and the filing of his petition in March 2013. *See* 28 U.S.C. § 2244(d)(1)(A). Since the instant petition was filed with this Court well after the limitations period expired, it is barred by 28 U.S.C. § 2244(d).

### III. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed for lack of jurisdiction. The Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253. It is further certified pur-

suant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The Clerk of Court is directed to close the case.

SO ORDERED.